IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEX G. GILBERT, JR., deceased, by and through Theresa Freeman, as Independent Administrator of the Estate of Alex G. Gilbert, Jr.; and THERESA FREEMAN, individually, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA; UNKNOWN EMPLOYEES/AGENTS OF THE METROPOLITAN CORRECTIONAL CENTER, <br><br> Defendants. | No.: <br><br><br> JURY DEMAND |

**COMPLAINT AT LAW**

NOW COMES ALEX G. GILBERT, JR., deceased, by Theresa Freeman, Independent Administrator of the Estate of Alex G. Gilbert, Jr. and THERESA FREEMAN, individually, by and through their attorneys, MICHAEL D. ROBBINS & ASSOCIATES and LAW OFFICES OF JEFFREY J. NESLUND, and in complaining of the Defendants, THE UNITED STATES OF AMERICA and UNKNOWN EMPLOYEES/AGENTS OF THE METROPOLITAN CORRECTIONAL CENTER, states as follows:

**INTRODUCTION**

1. This is a constitutional tort claim brought pursuant to *Bivens v. Six Unknown Fed. Narcotics* Agents, 403 U.S. 388 (1971) for the deprivation of Plaintiff's decedent's constitutional rights. This court has jurisdiction under 28 U.S.C. Sec. 1331 and 1343. This is also an action against the United States of America by and through its prison and/or correctional facility,

Case: 1:17-cv-00458 Document #: 1 Filed: 01/20/17 Page 2 of 10 PageID #:2


Metropolitan Correctional Center, and its staff, supervisors, employees, agents and apparent agents for negligence brought pursuant to Federal Tort Claims Act, 28 U.S.C., Section 2761, et seq., and 28 U.S.C.A. § 1346(b) ("FTCA"). The Plaintiff THERESA FREEMAN, individually and as Administrator of the Estate of ALEX G. GILBERT, JR., deceased complied with the administrative requirements of the FTCA by filing a Standard Form 95, Claim for Damage, Injury or Death, with the Federal Bureau of Prisons and the Metropolitan Correctional Center, which was received on June 15, 2016. Plaintiff received a denial letter on December 21, 2016.

2. Jurisdiction founded upon the federal law is proper in that this action is premised upon causes of action under the Federal Tort Claims Act, 28 U.S.C. § 2671, et. seq., as well as pursuant to the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States of America.

3. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), since the facts which give rise to the claims asserted herein, occurred in the Northern District of Illinois.

4. Plaintiff, ALEX G. GILBERT, JR., now deceased (hereinafter, "Plaintiff"), was a citizen of the United States, a resident of the State of Illinois, and was in the custody of law enforcement authorities initially as a pre-trial detainee. Subsequently, ALEX G. GILBERT, JR. was convicted of a criminal offense and, at the time of his death in custody he was awaiting sentencing. He is represented in this action by THERESA FREEMAN, who is the mother of Alex G. Gilbert, Jr. and the duly appointed Independent Administrator of the Estate of Alex G. Gilbert, Jr., deceased. Plaintiff, THERESA FREEMAN, is a citizen of the United States and resides in the Northern District of Illinois.

5. The United States of America owns and operates the Metropolitan Correctional

Center (hereinafter referred to as the "MCC"). On November 3, 2014, and at all times relevant herein, the physicians, staff, supervisors, employees, agents and apparent agents of Metropolitan Correctional Center were employees, agents and apparent agents of the United States of America.

6.      Defendants, UNKNOWN EMPLOYEES/AGENTS OF THE METROPOLITAN CORRECTIONAL CENTER ("MCC"), were at all times relevant hereto, employed by the MCC, an agency or department of the Federal Bureau of Prisons, who were employed as correctional officers, counselors, and intake screeners.   Defendants were acting under color of law and were responsible for the intake, evaluation, screening, supervision, care, and safety of detainees held in the MCC, including the Plaintiff's decedent.

## FACTUAL SUMMARY

7.      On October 2, 2013, the Plaintiff Alex G. Gilbert, Jr. was charged with a federal criminal firearms offense, in which it was alleged he violated Title 18, United States Code, Section 922(g)(1) in the case of *U.S.A. v. Gilbert*, 13 CR 00803 .

8.      On October 2, 2013, an order was entered to writ Plaintiff GILBERT into federal custody from the Illinois Department of Corrections.

9.      On November 13, 2013, ALEX G. GILBERT, JR. was brought to the MCC where he was held in custody as a pretrial detainee.

10.     On July 16, 2015, following a jury trial, Plaintiff GILBERT was found guilty in the Federal District Court of a federal firearms offense.  Plaintiff GILBERT remained in custody at the MCC pending a presentence investigation and sentencing, which was set for October 16, 2015.

11.     While he was in custody at the MCC awaiting sentencing on the firearms offense, Plaintiff GILBERT suffered from severe depression and on September 24, 2015, the Plaintiff

attempted to commit suicide. MCC Correctional officers observed Plaintiff GILBERT hanging by the neck from a bunkbed, immediately intervened, and were able to resuscitate Plaintiff GILBERT. Plaintiff GILBERT was transported to Northwestern Memorial Hospital for further medical treatment.

12. Following the attempted suicide and evaluation at Northwestern Memorial Hospital, Plaintiff GILBERT received a psychological evaluation which found Plaintiff GILBERT to be suffering from severe depression and also found that Plaintiff GILBERT remained at a continuing high risk of suicide.

13. Plaintiff GILBERT was released from Northwestern Memorial Hospital and was returned to the MCC where Plaintiff GILBERT remained in custody at the MCC. Upon his return to the MCC, Plaintiff GILBERT was supposed to have been placed on suicide watch pending sentencing.

14. Additionally, following his first attempt to commit suicide on September 2015, Plaintiff GILBERT told a DEFENDANT UNKNOWN EMPLOYEE/AGENT OF THE METROPOLITAN CORRECTIONAL CENTER that he would try to commit suicide again.

15. On information and belief, Plaintiff GILBERT was put in a special housing unit purportedly to facilitate and to maintain a suicide watch, because personnel at the MCC including, the DEFENDANTS UNKNOWN EMPLOYEES/AGENTS OF THE METROPOLITAN CORRECTIONAL CENTER had actual knowledge that the Plaintiff was a high risk of attempting to commit suicide again.

16. On October 8, 2015, Plaintiff GILBERT through his attorney, asked for an extension of time to file an objection to the Presentence Investigation Report predicated upon the

Plaintiff's severe depression and recent suicide attempt. The October 16, 2015 sentencing date was stricken and was reset for March 3, 2016. In light of the Plaintiff's acute mental condition and prior attempted suicide, the Court ordered a psychological evaluation of Plaintiff GILBERT to determine his fitness in preparation for sentencing.

17. On January 3, 2016, despite the fact that Plaintiff had recently attempted to commit suicide and was supposed to be on a suicide watch by Defendants Unknown Correctional Officers, the Plaintiff committed suicide by hanging himself with a t-shirt from a bunk in his cell. The Plaintiff obtained the t-shirt that he used to hang to commit suicide from a DEFENDANT UNKNOWN EMPLOYEE/AGENT OF THE METROPOLITAN CORRECTIONAL CENTER.

18. In failing to maintain a proper watch over the Plaintiff and despite the fact that DEFENDANTS knew that Plaintiff GILBERT was at risk of committing suicide, the DEFENDANTS UNKNOWN EMPLOYEES/AGENTS OF THE METROPOLITAN CORRECTIONAL CENTER, were deliberately indifferent to Plaintiff's serious psychological condition which was a proximate cause of the Plaintiff's death.

## COUNT I
### DEPRIVATION OF CONSTITUTIONAL RIGHTS - 8th Amendment
(As to Defendants Unknown Employees/Agents of The Metropolitan Correctional Center)

19. Plaintiff re-alleges and incorporates paragraphs 1-18 as fully stated herein.

20. The acts and omissions of the DEFENDANTS UNKNOWN EMPLOYEES/AGENTS OF THE METROPOLITAN CORRECTIONAL CENTER in failing to properly observe and monitor ALEX G. GILBERT, JR. were a deliberate and malicious deprivation of ALEX G. GILBERT, JR.'s, Constitutional rights as guaranteed to ALEX G. GILBERT, JR. by the Eighth and Fourth Amendments of the Constitution.

21. The misconduct described in this Court was undertaken with malice, willfulness, and deliberate indifference to the rights of Plaintiff's decedent.

22. The actions of Defendants proximately caused the injuries suffered by ALEX G. GILBERT, JR.

**COUNT II**
**42 U.S.C. § 1983: OBJECTIVELY UNREASONABLE TREATMENT**
(As to Defendants Unknown Employees/Agents of The Metropolitan Correctional Center)

23. Plaintiff re-alleges and incorporates paragraphs 1-18 as fully stated herein.

24. As described more fully above, while ALEX G. GILBERT, JR. was in the care and custody of DEFENDANTS UNKNOWN EMPLOYEES/AGENTS OF THE METROPOLITAN CORRECTIONAL CENTER, they failed to properly monitor the Plaintiff to guard against another suicide attempt despite having actual knowledge of Plaintiff's prior suicide attempt and evaluation of his high risk of committing suicide.

25. As a result of the unjustified and unconstitutional conduct of DEFENDANTS UNKNOWN EMPLOYEES/AGENTS OF THE METROPOLITAN CORRECTIONAL CENTER, ALEX G. GILBERT, JR. suffered pain, injury, and, ultimately died. He also suffered severe emotional distress before he died.

26. In this manner, the conduct of these individuals violated the 4th Amendment to the United States Constitution in that it was objectively unreasonable for them to ignore ALEX G. GILBERT, JR.'s medical needs. Pleading in the alternative, they also violated Mr. Gilbert, Jr.'s rights under the Fifth and Fourteenth Amendments.

27. The misconduct described in this Court was undertaken with malice, willfulness, and deliberate indifference to the rights of Plaintiff's decedent.

28. The actions and omissions of Defendants outlined above proximately caused the injuries suffered by ALEX G. GILBERT, JR.

## COUNT III
### NEGLIGENCE CLAIM
(As to Defendant United States of America)

29. Plaintiff re-alleges and incorporates paragraphs 1-18 as fully stated herein.

30. That in November 2013, and for some time prior and subsequent thereto, the Plaintiff's decedent, ALEX G. GILBERT, JR., was detained at the Metropolitan Correctional Center and was placed under the custody, control, care and supervision of the Defendant, THE UNITED STATES OF AMERICA, by and through its prison and/or correctional facility, Metropolitan Correctional Center and its physicians, staff, supervisors, employees, agents and apparent agents.

31. That it then and there became and was the duty of the Defendant, THE UNITED STATES OF AMERICA, by and through its prison and/or correctional facility, Metropolitan Correctional Center, and its duly authorized agents, apparent agents, physicians, supervisors, servants, and/or employees, to competently screen, supervise and monitor Plaintiff's decedent and so as to prevent injury to Plaintiff whom Defendant, United States of America, maintained under its exclusive control and by whom Plaintiff was dependent upon for care and treatment, so as not to negligently cause injury to the Plaintiff.

32. That not regarding their aforesaid duties, the Defendant, THE UNITED STATES OF AMERICA, by and through its prison and/or correctional facility, Metropolitan Correctional Center, and its duly authorized agents, apparent agents, physicians, supervisors and/or employees, was then and there guilty of one or more of the following wrongful acts and/or

omissions:

(a) failed to properly train employees/agents to recognize the potential for detainees to cause harm to themselves;

(b) failed to conduct a proper psychological screening or to take precautions upon information contained in a psychiatric screening of the Plaintiff's decedent during his detention at the MCC;

(c) failed to act upon a clear indication that Plaintiff's decedent was at risk of attempting to commit suicide;

(d) failed to make an immediate referral of the Plaintiff's decedent to a mental health professional;

(e) failed to properly supervise or monitor the Plaintiff's decedent once he was returned to the MCC after a prior suicide attempt;

(f) provided Plaintiff's decedent with the t-shirt which he used to hang himself;

(g) failed to properly monitor or maintain the video security monitors within the MCC; and

(h) was otherwise negligent in the care of Plaintiff's decedent while in the custody and control of the MCC.

33. That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of the Defendant, THE UNITED STATES OF AMERICA, by and through its prison and/or correctional facility, Metropolitan Correctional Center, and its duly authorized agents, apparent agents, physicians, supervisors, servants, and/or employees, the Plaintiff's decedent, ALEX G. GILBERT, JR., was then and there injured both internally and externally; suffered acute and prolonged physical and mental pain and suffering and death.

## COUNT IV
## WRONGFUL DEATH
(As to All Defendants)

34. Plaintiff re-alleges and incorporates paragraphs 1-18 as fully stated herein.

35. That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of the Defendants, the Plaintiff's decedent died.

36. That the Plaintiff's decedent, ALEX G. GILBERT, JR., left surviving him, his mother, THERESA FREEMAN, and a sibling, as his only heirs-at-law and next of kin.

37. That this cause of action is brought pursuant to the Wrongful Death Act, 740 ILCS 180/0.01, et seq.

38. That by reason of the death of Plaintiff's decedent, ALEX G. GILBERT, JR., as aforesaid, the aforesaid individuals have been deprived of large sums of money and valuable services which the Plaintiff's decedent would have performed but for his untimely death, as well as suffering loss of society and companionship, loss of consortium, losses for attendant care, and grief, sorrow and mental suffering as a result of the death of Plaintiff's decedent, ALEX G. GILBERT, JR.

## COUNT V
### SURVIVAL ACTION
(As to All Defendants)

39. Plaintiff re-alleges and incorporates paragraphs 1-18 as fully stated herein.

40. ALEX G. GILBERT, JR. sustained conscious pain and suffering prior to his death as the direct and proximate result of one or more of the Defendants' misconduct outlined above. ALEX G. GILBERT, JR. would have been entitled to receive compensation from the Defendants, had he survived.

41. THERESA FREEMAN, as Administrator of the Estate of ALEX G. GILBERT, JR. brings this action pursuant to the Illinois Survival Statute, 735 ILCS 5/27-6.

WHEREFORE, ALEX G. GILBERT, JR., deceased, by Theresa Freeman, Independent

Administrator of the Estate of Alex G. Gilbert, Jr., prays for judgment against DEFENDANTS THE UNITED STATES OF AMERICA and UNKNOWN EMPLOYEES/AGENTS OF THE METROPOLITAN CORRECTIONAL CENTER, jointly and severally, in a sum sufficient to compensate the estate as and for actual damages as to Plaintiff and for a judgment in an appropriate amount as and for punitive and exemplary damages, together with the costs of this actions, and reasonable attorneys fees.

Respectfully Submitted,

/s/ Michael D. Robbins
MICHAEL D. ROBBINS,
One of the Attorneys for Plaintiffs

MICHAEL D. ROBBINS & ASSOCIATES
20 North Wacker Drive, Suite 3710
Chicago, IL 60606
(312) 899-8000

LAW OFFICES OF JEFFREY J. NESLUND
20 North Wacker Drive, Suite 3710
Chicago, IL 60606
(312) 223-1100